United States District Court
Southern District of Texas
**ENTERED**
May 24, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMIAH JOSEPH SWIGER, | § § § | |
| *Plaintiff,* | § § | Civil Action No. H-22-0756 |
| v. | § § | |
| DAVID GUTIERREZ, *et al.*, | § § | |
| *Defendants.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se*, filed a civil lawsuit under 42 U.S.C. § 1983 complaining that he was denied release to parole in 2021. He seeks monetary damages, immediate release from prison, and a full pardon.

Having screened the lawsuit under 28 U.S.C. §§ 1915A and 1915(e), the Court **DISMISSES** the lawsuit for the reasons shown below.

**I. ANALYSIS**

It is well settled that state prisoners have no federal constitutional right to early release to parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Orellena v. Kyle*, 65 F.3d 29, 31–32 (1995); *Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007) ("This court has determined that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.").

The decision to grant or deny parole is discretionary under Texas law, and the Texas parole statutes do not create a protected liberty interest which would implicate constitutional considerations. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). It is likewise "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Thus, Texas state prisoners may not challenge "the constitutionality of procedural devices attendant to parole decisions." *Orellana*, 65 F.3d at 32.

Because plaintiff in this case enjoys no constitutional right to parole, the denial of his release to parole did not give rise to a colorable claim for relief under section 1983, and his lawsuit must be dismissed.

## II. CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted under section 1983. Any and all pending motions are **DENIED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g), and stands as plaintiff's second strike. *See Swiger v. Thaler*, C.A. No. H-13-1446 (S.D. Tex. June 21, 2013). Should plaintiff incur a third strike, he will be prohibited from proceeding *in forma*

*pauperis* in federal district or appellate court unless he demonstrates he is under imminent danger of serious physical injury at the time of filing.

Signed at Houston, Texas, on this the 23rd day of May, 2022.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE